UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAKE D. METRAS,

        Plaintiff,

v.                                                                  Case No. 07-C-336

WILLIAM POLLARD et al.,

        Defendants.

**ORDER**

        Plaintiff Jake D. Metras, who is proceeding pro se, lodged a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Green Bay Correctional Institution ("GBCI"). Defendant William Pollard is allegedly the warden of GBCI, while the other defendants are allegedly GBCI correctional officers or staff members. Plaintiff seeks compensatory and punitive damages.

        Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of

twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He has also filed the required affidavit of indigence. Although his trust account statement shows that he has no money in his regular account, he was assessed an initial partial filing fee of $4.17 based on funds available in his release account. Plaintiff was ordered to pay this amount within twenty-one days of the court's April 11, 2007 Order. Instead of paying the initial partial filing fee, plaintiff has written a letter claiming that the court erred in using the balance in his release account to calculate his initial partial filing fee and asking that the order requiring that he pay $4.17 be vacated.

Plaintiff's request will be denied. As Judge Crabb explained in *Carter v. Bennett*, 399 F. Supp.2d 936 (W.D. Wis. 2005), the language of the PLRA evinces no Congressional intent to exclude from consideration in assessing the initial partial filing fee under 28 U.S.C. §§ 1915(a) and (b) sums in an inmate's release account. According to Judge Crabb, the State of Wisconsin has also taken the position that, with respect to initial partial payments under the supremacy clause, the Prisoner Litigation Reform Act supersedes any restrictions state law imposes on the availability of funds in a prisoner's release account. *Id.* at 937 "Therefore, if a petitioner does not have sufficient funds in his regular account to pay the full amount of the initial partial payment assessed to him, then prison officials will draw funds first from the prisoner's regular account and any portion of the initial partial payment remaining from the prisoner's release account fund." *Id; see also Spence v.*

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

*McCaughtry*, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999) ("Since the term "prisoner's account" includes his release account, the court should have considered this account, as well as his general account, in calculating Mr. Spence's initial partial filing fee."). While reasonable people can question the wisdom of expending judicial resources to collect such meager amounts, especially from prisoner release accounts, the PLRA reflects Congress' view that requiring prison inmates to pay the full filing fee over time will deter frivolous lawsuits. And in assessing an inmate's initial partial filing fee, Congress did not exclude from consideration money held in an inmate's release account.

The court concludes that plaintiff's initial partial filing fee was properly calculated. Plaintiff's request that the court vacate its order is therefore denied. If plaintiff wishes to proceed with this lawsuit, he must request payment of his initial partial filing fee from his release account. He will be given twenty-one days from the date of this order to do so. Failure to do so will result in dismissal without prejudice. Copies of this order shall be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**SO ORDERED** this   23rd   day of April, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
