# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAKE D. METRAS,

        Plaintiff,

  v.                                          Case No. 07-C-336

WILLIAM POLLARD, et al,

        Defendant.

## ORDER

        Plaintiff, Jake Metras, a prisoner serving a sentence in the custody of the Wisconsin Department of Corrections, filed this action under 42 U.S.C. § 1983 against three Wisconsin Department of Corrections employees, Defendants Ford, Potts and Kazik. Metras was allowed to proceed on his claims that the defendants violated his rights when 1) Defendants Ford and Potts spit in his food; and 2) Defendant Kazik flicked on and off a bright light to prevent him from getting any sleep during the night. (May 16, 2007 Court Order). On July 5, 2007, the defendants filed a motion for summary judgment seeking dismissal on the ground that Metras had failed to exhaust his administrative remedies. Metras has failed to file a response to the defendants' motion and defendants now seek dismissal of the case for failure to prosecute. In addition to his failure to respond to their motion for summary judgment, defendants note that plaintiff has failed to authorize the release of his medical records so that defendants can conduct further discovery.

        Defendants have set forth a prima facie case for granting their motion for summary judgment. The law is clear that a prisoner must exhaust his administrative remedies before he files

suit in federal court. *Perez v. Wisconsin Dept. of Corrections,* 182 F.3d 532, 535 (7th Cir. 1999). Based upon the plaintiff's failure to respond to the defendants' motion, the court's inclination would be to grant the motion for summary judgment and dismiss the case on that basis, as opposed to dismissal for failure to prosecute. While the court's scheduling order set a deadline by which a response must be filed, it did not require a response. Thus, I cannot say that plaintiff has simply failed to prosecute his case.

More importantly, I note that shortly before the motion for summary judgment was filed, plaintiff sent a letter which the court has construed as a motion for an extension of time. Plaintiff states that he needs assistance in prosecuting his action and needed extra time to obtain such assistance in the institution. Rather than simply granting defendants' motion at this time, the court will therefore give plaintiff 30 days to file a response to the defendants' motion for summary judgment, and either sign the medical authorizations they have requested or show cause why he is justified in not doing so.

**IT IS THEREFORE ORDERED** that in the event Metras chooses to challenge or contest the defendant's motion for summary judgment, his response must be filed on or before October 15, 2007. He should also advise the court by that time whether he has signed the requested medical authorizations or indicate his reasons for refusing to do so. In the event no response is filed by that time, or if any response is legally insufficient, this matter will be dismissed.

Dated this ___17th___ day of September, 2007.

       s/ William C. Griesbach
       William C. Griesbach
       United States District Judge