UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAKE D. METRAS,

        Plaintiff,

  v.                                                                                    Case No. 07-C-336

WILLIAM POLLARD, et al,

        Defendants.

ORDER

        Plaintiff, Jake Metras, a prisoner serving a sentence in the custody of the Wisconsin Department of Corrections, filed this action under 42 U.S.C. § 1983 against three Wisconsin Department of Corrections employees, Defendants Ford, Potts and Kazik. Metras was allowed to proceed on his claims that the defendants violated his rights when 1) Defendants Ford and Potts spit in his food; and 2) Defendant Kazik flicked on and off a bright light to prevent him from getting any sleep during the night. (May 16, 2007 Court Order.) Defendants filed a motion for summary judgment on July 5, 2007, seeking dismissal on the ground that Metras had failed to exhaust his administrative remedies. Defendants also informed the court that Metras had failed to authorize the release of his medical records, preventing defendants from conducting further discovery.

        The court has twice granted Metras additional time to respond to defendants' motion, and ordered that Metras either sign the authorization for medical records or show good cause for refusing to do so. (September 17, 2007 Court Order; October 12, 2007 Court Order. ) The court also advised Metras that a failure to file a response by November 29, 2007 would result in dismissal

of his case. (October 12, 2007 Court Order.) Metras has not responded to defendants' motion or to the courts' order.[1] Nor has he requested an extension of time in which to do so. Accordingly, I conclude that dismissal of this case is appropriate for two reasons.

First, in spite of the court's warnings, Metras has failed to comply with the court's order that he sign the authorization or show good cause for his refusal. He has provided no explanation for his inaction. This, by itself, warrants dismissal. *Mitchell v. Union Pacific R. Co.*, 501 F.3d 794, 795 (7th Cir. 2007) (holding that dismissal is an appropriate remedy for a pro se litigant's failure to comply with a court order); *see* Fed. R. Civ. P. 41(b).

Second, defendants are entitled to summary judgment, because Metras did not exhaust the administrative remedies available to him before filing this action. Under the Prisoner Litigation Reform Act ("PLRA"), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim. *Massey v. Helman*, 196 F.3d 727, 734 (7th Cir. 1999).

Wisconsin has established the Inmate Complaint Review System ("ICRS") as the principal administrative remedy for prisoner complaints. *See* Wis. Admin. Code §§ DOC 310.05, 310.08. Under the ICRS, an inmate must initially file a complaint with the inmate complaint examiner ("ICE"), and appeal an unfavorable decision to the corrections complaint examiner ("CCE"). Wis.

---

[1] Metras did recently renew his motion for appointment of counsel, however.

2

Case 1:07-cv-00336-WCG    Filed 12/05/07    Page 2 of 4    Document 34

Admin. Code §§ DOC 310.09- 310.13. The CCE then makes a recommendation to the Department of Corrections Secretary, who makes a final decision. Wis. Admin. Code §§ DOC 310.13, 310.1. The failure to properly complete each step in the ICRS grievance procedure constitutes failure to exhaust available administrative remedies. *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

Metras failed to exhaust the administrative remedies available to him prior to commencing this action in federal court. He did not file any complaints with the ICE regarding his allegations that defendants Ford and Pott spit in his food. (DPFOF ¶ 5.)[2] Metras did file one complaint alleging defendant Kazik flicked on and off a bright light so as to prevent him from getting sleep during the night (DPFOF ¶ 6), but did not appeal the matter to the CCE until April 19, 2007, and did not receive a decision from the Secretary until June 4, 2007. (Id.) Metras filed his complaint in federal court on March 28, 2007. (Compl. 7.) Thus, his suit was filed prior to the exhaustion of available administrative remedies, in violation of the PLRA. "A suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits." *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999).

---

[2] Parties moving for summary judgment or responding to such a motion must comply with the local rules of the district in which the motion is brought. *Koszola v. Bd. of Ed. of City of Chicago*, 385 F.3d 1104, 1109 (7th Cir. 2004). Pursuant to Civil Local Rule 56.1, the defendants' summary judgment papers included a notice to Metras indicating that any factual assertion in the movant's affidavits or other admissible documentary evidence would be accepted as true unless Metras submitted his own affidavit or other documentary evidence contradicting such factual assertions. Metras filed no response to defendants' motion or factual assertions. Thus, in accordance with Civil L.R. 56.2(e), "the Court must conclude that there is no genuine material issue as to any proposed finding of fact" set out by the defendants.

Accordingly, defendants' motion for summary judgment is granted. This action is dismissed with prejudice, and Metras' motion to appoint counsel is denied as moot.

**SO ORDERED** this     5th     day of December, 2007.


                                        s/ William C. Griesbach
                                        William C. Griesbach
                                        United States District Judge